# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL DHT, L.P., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 2-14-1020 | |
| § | | |
| AMEGA WEST SERVICES, LLC, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion to Exclude Testimony of Brett Reed ("Motion") [Doc. # 82] filed by Defendant Amega West Services, LLC ("Amega"), seeking to exclude Reed's opinions on damages as unsupported by sufficient facts or data. Plaintiff National Oilwell DHT, L.P. ("NOV") filed a Response [Doc. # 91], and Amega filed a Reply [Doc. # 94]. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion.

## I.  BACKGROUND

NOV is the owner of the Patents-in-Suit, which are directed to vibration tools for use in drilling operations. NOV filed this lawsuit, alleging that Amega is infringing the Patents-in-Suit through its AmegaVIBE friction reduction drilling tools.

Reed, NOV's damages expert, issued a Report dated December 9, 2019. In the Report, Reed provides two alternative damages calculations. *See* Expert Report of

Brett L. Reed, Exh. A to Motion. He calculates NOV's alleged damages based on a reasonable royalty. Alternatively, he calculates NOV's damages based on NOV having approximately 80% of the market share for the relevant friction reduction technology over the five-year damages period. Under this method of calculating damages, Reed opines that NOV is entitled to recover as lost profits 80% of Amega's income from the accused devices, plus a reasonable royalty for the remaining 20%. Amega challenges Reed's lost profits opinion, arguing that there is no reasonable factual basis for the conclusion that NOV has consistently held 80% of the market share.

Amega filed its Motion seeking to exclude Reed's damages calculations based on NOV's alleged lost profits. The Motion has been fully briefed and is now ripe for decision.

## II.  LEGAL STANDARDS FOR EXPERT TESTIMONY

The admissibility of expert testimony in a patent case is a procedural issue governed by the law of the regional circuit in which the district court resides. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003). There is "no basis for carving out a special rule as to experts in patent cases." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008).

A qualified witness may offer opinion testify if, *inter alia*, the testimony is based on sufficient facts or data.[1] *See* FED. R. EVID. 702; *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 528 (5th Cir. 2015). Although the district court must ensure that an expert uses reliable methods to reach his opinions, the district court "does not judge the expert conclusions themselves." *See Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 623 (5th Cir. 2018).

An expert may base his opinion on facts or data that he has been provided. *See* FED. R. EVID. 703. "If experts in the particular filed would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." *Id*. Corporate records, and summaries of corporate records, are generally data on which a damages expert may rely. *See In re Promedco of Las Cruces, Inc.*, 2003 WL 21962443, *6 (N.D. Tex. Aug. 12, 2003) (citing *Simpson v. James*, 903 F.2d 372, 378 n.20 (5th Cir. 1990)).

### III. ANALYSIS

Amega argues that Reed's lost profits opinion should be excluded because it is based exclusively on a two-page NOV document regarding North America market share of various companies' drilling vibration tools. *See* NOV Document, Exh. B to Motion. Amega challenges the accuracy of the NOV document, including NOV's

---

[1] Amega does not challenge Reed's qualifications as an expert witness on damages in this case, and does not argue that his lost profits methodology is unreliable.

inability to identify the document's author. As noted above, however, a damages expert is entitled to rely on corporate records and summaries when forming his opinions. At trial, Amega will have an opportunity to challenge the document's accuracy, through cross-examination of Reed and other NOV witnesses. Amega's concerns about the document's accuracy is not a basis for excluding Reed's testimony at trial. It is not this district court's role to "judge the expert conclusions themselves." *See Williams*, 898 F.3d at 623.

Additionally, NOV states in its reply that Reed did not base his lost profits opinions on the NOV document alone. Instead, Reed based his opinions on conversations with NOV employees and an analysis of revenue data from NOV and Amega to estimate market share. Reed states that he also analyzed Amega's quotes to prospective clients, noting that approximately 80% of customers receiving quotes from Amega between 2014 and 2018 were NOV customers.

Amega argues also that Reed's lost profits opinions should be excluded because they involve a "multi-million dollar damages figure" that would unfairly "skew the damages horizon for the jury." *See* Motion, p. 9. Amega complains also that Reed's market share analysis will be the only one presented at trial because its own damages expert did not conduct a market share calculation. Neither of these arguments present a legal basis for excluding otherwise admissible expert testimony on damages.

## IV. CONCLUSION

Reed's damages opinions regarding NOV's market share and lost profits are based on sufficient facts and data under Rules of Evidence 702 and 703. Therefore, it is hereby

**ORDERED** that Amega's Motion to Exclude Testimony of Brett Reed [Doc. # 82] is **DENIED**.

SIGNED at Houston, Texas, this **7th** day of **April, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE