IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NATIONAL OILWELL DHT, L.P.,<br><br>*Plaintiff*,<br>v.<br>AMEGA WEST SERVICES, LLC,<br><br>*Defendant*. | Civil Action No. 2:14-cv-1020<br><br>JURY |

**JOINT FINAL PRE-TRIAL ORDER**

This cause came before the court at a pre-trial management conference held on December 15, 2021, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.   COUNSEL FOR THE PARTIES**

| Plaintiff National Oilwell DHT, L.P. | Defendant Amega West Services, LLC |
|---|---|
| Robert J. McAughan, Jr.<br>*Lead Attorney*<br>Texas Bar No. 00786096<br>bmcaughan@md-iplaw.com<br>(713) 829-3851<br><br>Albert B. Deaver, Jr.<br>Texas Bar No. 05703800<br>adeaver@md-iplaw.com<br>(281) 460-2315<br><br>MCAUGHAN DEAVER PLLC<br>550 Westcott St., Ste. 375<br>Houston, Texas 77007 | Kent E. Baldauf, Jr.<br>*Lead Attorney*<br>Attorney ID No. 70793 (PA)<br>Admitted in EDTX<br>kbaldaufjr@webblaw.com<br><br>Bryan P. Clark<br>Attorney ID No. 205708 (PA)<br>Admitted in EDTX<br>bclark@webblaw.com<br><br>THE WEBB LAW FIRM<br>420 Ft. Duquesne Blvd., Suite 1200<br>Pittsburgh, Pennsylvania 15222<br>(412) 471-8815<br>(412) 471-4094 (fax) |

### B. STATEMENT OF JURISDICTION

Jurisdiction of this patent action is exclusive to the federal court system under Title 28 U.S.C. §§ 1331, 1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28U.S.C. §§ 2201-2202. Subject matter jurisdiction, personal jurisdiction, and venue under 28 U.S.C. §§ 1391(b) and 1400(b) are not disputed in this case.

### C. NATURE OF ACTION

This is a patent case in which plaintiff NOV seeks damages adequate to compensate it for the alleged infringement of two (2) of its patents by defendant Amega West but in no event less than a reasonable royalty for the use made of the claimed inventions, along with pre- and post-judgment interest and attorney fees.

Amega West denies that it has infringed either of the asserted patents. Amega West alleges that the asserted claims are invalid because they fail to meet one or more of the requirements for patentability. Amega West also denies that NOV is entitled to recover any damages and otherwise disputes the nature and extent of NOV's claim for damages. Amega West counterclaims for declaratory judgments of non-infringement and invalidity of the asserted patents.

### D. CONTENTIONS OF THE PARTIES

#### 1. Plaintiff NOV's Contentions

NOV does not contend that all of these issues are appropriate for trial, and NOV does not waive any of its motions in limine.

a. NOV is the owner of all rights and title to US Patent No. 6,279,670 and US Patent No. 6,508,317, including the rights to sue for past infringement.

b. The inventions in the asserted claims were conceived and reduced to practice no later than December 3, 1996.

c. Defendant was provided written notice of infringement of US Patent No. 6,279,670 and US Patent No. 6,508,317 by its AmegaVIBE friction reduction tools at least as early as February 20, 2013.

d. Defendant's manufacture, remanufacture, advertising, rental, and importation on or after February 20, 2013, of the various models of its AmegaVIBE friction reduction tool directly and literally infringes claims 1, 2, 3 4 and 8 of US Patent No. 6,279,670 under 35 USC 271(a).

e. Defendant's manufacture, remanufacture, advertising, rental, and importation after February 20, 2013, of the various models of its AmegaVIBE friction reduction tool infringes claims 11 and 13 of US Patent No. 6,279,670 and claim 2 of US Patent No. 6,508,317 directly by the doctrine of equivalents under 35 USC 271(a).

f. The asserted claims are valid and enforceable.

g. Defendant's infringement, both literally and by the doctrine of equivalents, has been willful.

h. Plaintiff is entitled to the profits it lost on its but-for market share portion of Defendant's rental in the U.S., and remanufacture, of its AmegaVIBE tools.

    i. Plaintiff is entitled to a reasonable royalty on those rentals and remanufactures of Defendant's AmegaVIBE tools for which NOV does not receive lost profits.

    j. This case is exceptional entitling Plaintiff to enhanced damages, attorney fees, and costs.

**2. Defendant Amega West's Contentions**

Amega West does not contend that all of these issues are appropriate for trial, and Amega West does not waive any of its motions in limine.

    a. NOV has the burden to prove standing in this case, including ownership of the asserted patents.

    b. Amega West has not directly and literally infringed any of claims 1, 2, 3, 4, and 8 of US Patent No. 6,279,670.

    c. Amega West has not directly infringed any of claims 11 and 13 of US Patent No. 6,279,670 and claim 2 of US Patent No. 6,508,317 under the doctrine of equivalents.

    d. Amega West has not willfully infringed any claim of US Patent No. 6,279,670 and US Patent No. 6,508,317.

    e. Amega West acted reasonably and with due care upon becoming aware of US Patent No. 6,279,670 and US Patent No. 6,508,317.

    f. NOV cannot prove all elements of each of its claims of infringement.

    g. Amega West denies that NOV has been damaged by Amega West's conduct. Accordingly, NOV is not entitled to any damages.

    h. To the extent any infringement of the asserted patents is found, NOV's sought damages amount is excessive, not supportable.

i. NOV did not lose any sales, revenue, or profit as a result of Amega West's conduct.

j. NOV is not entitled to enhanced damages, at least because NOV has failed to meet its burden of proof that any alleged infringement occurred or was willful.

k. Claims 1, 2, 3, 4, 8, 11, and 13 of US Patent No. 6,279,670 and claim 2 US Patent No. 6,508,317 are invalid because they are obvious under pre-AIA 35 U.S.C. § 103 based on prior art and grounds as will be identified in Amega West's 35 U.S.C. § 282 notice and as included and described in Amega West's expert report.  For example, as set forth in Amega West's expert report:

> i. Claims 1, 2, 3, 4, and 8 of US Patent No. 6,279,670 would have been obvious over US Pat. No. 2,780,438 to Bielstein or US Pat. No. 2,738,956 to Bielstein alone or in view of U.S. Pat. No. 4,080,115 to Sims, U.S. Pat. No. 5,174,392 to Reinhardt, U.S. Patent No. 4,890,682 to Worrall et al., U.S. Pat. No. 5,337,840 to Chancey, U.S. Pat. No. 5,171,139 to Underwood, U.S. Pat. No. 4,415,316 to Jurgens, and/or U.S. Pat. No. 4,636,151 to Eppink ("the PDM references") each of which teaches a positive displacement motor to rotate a shaft which could be used to rotate the valve member of Bielstein '438 or Bielstein '956.  Claims 11 and 13 would have been obvious in further view of US Pat. No. 3,216,514 to Nelson.
>
> ii. Claims 1, 2, 3, 4, and 8 of US Patent No. 6,279,670 would have been obvious over US Pat. No. 3,491,838 to Wilder or US Pat. No. 4,819,745 to Walter in view of the PDM references identified above.
>
> iii. Claims 1, 2, 3, 4, and 8 of US Patent No. 6,279,670 would have been obvious over Reinhardt in view of Bielstein '956 or Walter.

        iv.      Claim 2 of US Patent No. 6,508,317 would have been obvious over Bielstein '438 or Bielstein '956 alone or in view of Nelson and optionally in further view of the PDM references identified above.

l. Amega West denies NOV's claims.

m. NOV is not entitled to any relief whatsoever.

n. This case is exceptional entitling Amega West to attorney fees and costs.

## E.    STIPULATIONS AND UNCONTESTED FACTS

1. The Asserted Patents are US Patent No. 6,279,670 and US Patent No. 6,508,317.

2. The Asserted Claims are claims 1, 2, 3, 4, 8, 11, and 13 of US Patent No. 6,279,670 and claim 2 of US Patent No. 6,508,317.

3. The effective filing date for the Asserted Patents is May 16, 1997.

4. Each of the Asserted Patents expired on May 16, 2017.

5. The damages period, to the extent applicable, is from February 20, 2013, to May 16, 2017.

6. NTS Group acquired defendant Amega West Services, LLC on or about October 12, 2020.

7. Defendant Amega West Services, LLC changed its name to AWS US Services, LLC on or about December 7, 2020.

## F.    CONTESTED ISSUES OF FACT AND LAW

### 1.    NOV's Contested Issues of Fact and Law

a. Whether the manufacture, rental, redress, reline, use and/or importation of the accused AmegaVIBE tools literally infringe one or more of claims 1, 2, 3, 4, and 8 of US Patent No. 6,279,670.

b. Whether the manufacture, rental, redress, reline, use and/or importation of the accused AmegaVIBE tools infringe one or more of claims 11 and 13 of US Patent No. 6,279,670 under the doctrine of equivalents.

c. Whether the manufacture, rental, redress, reline, use and/or importation of the accused AmegaVIBE tools infringe claim 2 of US Patent No. 6,508,317 under the doctrine of equivalents.

d. Whether NOV is entitled to the profits it lost on its but-for market share portion of Defendant's infringing manufacture, rental, redress, reline, use and/or importation and, if so, the amount of lost profits.

e. The amount of reasonable royalty due NOV for all manufacture, rental, redress, reline, use and/or importation for which Plaintiff is not awarded lost profits.

f. Whether Defendant's infringement was willful.

g. Whether this case is exceptional, and if so, whether it warrants an award of enhanced damages, attorney fees, and/or costs to Plaintiff

2. **Amega West's Contested Issues of Fact and Law**

a. Whether Amega West has literally infringed any of claims 1, 2, 3, 4, and 8 of US Patent No. 6,279,670.

b. Whether Amega West has infringed either of claims 11 and 13 of US Patent No. 6,279,670 under the doctrine of equivalents.

c. Whether Amega West has infringe claim 2 of US Patent No. 6,508,317 under the doctrine of equivalents.

    d. Whether Amega West's conduct caused NOV to lose any sales, revenues, or profits and, if so, what amount of profits (if any) NOV is entitled to recover.

    e. What amount, if any, NOV is entitled to as a reasonable royalty for any infringement for which NOV is not awarded lost profits.

    f. Whether Defendant willfully infringed any of claims 1, 2, 3, 4, 8, 11, and 13 of US Patent No. 6,279,670 and claim 2 of US Patent No. 6,508,317, and if so which ones.

    g. Whether any of claims 1, 2, 3, 4, 8, 11, and 13 of US Patent No. 6,279,670 and claim 2 of US Patent No. 6,508,317 are invalid, and if so which ones.

    h. Whether this case is exceptional such that it warrants an award of attorney fees and/or costs to Defendant.

**G.  LIST OF WITNESSES**

1. Plaintiff's list of witnesses is attached at Tab A.  This list is filed without prejudice and Plaintiff reserves its rights: not to call one or more of the listed witnesses depending on its needs at trial; to call solely for rebuttal a witness not listed; and to call one or more witnesses listed by Defendant.

2. Defendant's list of witnesses is attached at Tab B.

**H.  LIST OF EXHIBITS**

1. Plaintiff's exhibit list is attached at Tab C.  This list is filed without prejudice and Plaintiff reserves its rights: not to use at trial one or more of the listed exhibits; to add exhibits to this list as needed based on what happens during trial; to use for impeachment one or more

documents or things that are not listed; to use one or more of the exhibits listed by Defendant; and to further object to Defendant's exhibits based on the use made at trial.

2. Defendant's exhibit list is attached at Tab D.

The Parties will submit to the Court by December 10, 2021 (before the Pretrial Conference) a Final Exhibit List in the form available on the court's website, located at www.txed.uscourts.gov.

### I.   LIST OF DEPOSITION DESIGNATIONS AND OBJECTIONS

1. Plaintiff's deposition designations are attached at Tab E. This list is filed without prejudice and Plaintiff reserves its rights: not to call one or more of the listed witnesses depending on its needs at trial; to further object to Defendant's designations based on the use made by Defendant at trial; and to use one or more of the deposition designations listed by Defendant.

2. Defendant's deposition designations are attached at Tab F.

### J.   PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

1. Joint Preliminary Instructions are attached at Tab G.
2. Joint Final Instructions are attached at Tab H.
3. Plaintiff's proposed Verdict Form is attached at Tab I.
4. Defendant's proposed Verdict Form is attached at Tab J.

### K.   LIST OF ANY PENDING MOTIONS

1. Joint Motion in Limine (DN125)
2. Plaintiff's Motions in Limine (DN126)

3. Defendant's Motion in Limine (DN128)

L. **PROBABLE LENGTH OF TRIAL**

The probable length of trial, including opening statements and closing arguments, is five (5) days. The parties propose 30 minutes for *voir dire*, 45 minutes for each side's opening statements, and no more than 90 minutes for each side's closing statements.

Amega submits that bifurcating the issue of willfulness into a second trial (if necessary) that concludes at the end of the first trial would alleviate concerns about prejudicial evidence including that which is the subject of the parties' motions in limine. Amega submits that a willfulness trial could be completed in less than one day.

M. **MANAGEMENT CONFERENCE LIMITATIONS**

1. The parties will not offer any arguments, evidence, or testimony, or solicit the same, regarding the parties' use or alleged use, or the presence in the courtroom, of jury consultants, jury studies, focus group studies, or shadow juries.
2. The parties will not affirmatively accuse each other of litigation misconduct before the jury.
3. The parties may use each other's exhibits listed on the parties' respective exhibit lists, attached hereto. This agreement does not waive any party's objection to the admissibility of that exhibit. Each party can object to the use or admission of any exhibit on its exhibit list by the other party.
4. The parties agree that any exhibit listed on an exhibit list as to which no objection remains pending at the time of the opening statements may be shown to the jury during opening

statements.

5. Counsel shall provide a copy of any Demonstrative Exhibits to be used during opening statement by 6:30 p.m. one day before use (i.e. on Sunday for Opening Statements set to begin on Monday).

6. "Demonstrative Exhibits" are exhibits specifically created for the purpose of the trial, and do not include (1) exhibits (including captions) created in the courtroom during testimony at trial or the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, and (2) composites (including captions) of admitted exhibits and/or testimony. Reasonable non-substantive edits or corrections of typographical and similar errors to Demonstrative Exhibits may be made to such exhibits prior to use. Demonstrative Exhibits exchanged in accordance with the stipulations will not be used by the opposing party prior to being used by the disclosing party.

7. By 6:30 p.m. the night before a trial day, counsel shall provide to opposing counsel: confirmation of the names and order of witnesses to be called (both live and by deposition) the next day, and any demonstrative exhibit that it intends to use with each witness during direct examination.  At 8:00 p.m. on the day prior to each trial day, the non-offering party shall notify the offering party of any objections to the demonstrative exhibits. The parties will meet and confer by 9:00 p.m. to attempt to resolve any objections or other issues relating to the demonstratives. If any disputes remain following this conference, the parties shall apprise the Court the following morning before the jury is seated.  Exhibits, including demonstrative exhibits, to be used for cross-examination need not be disclosed in advance.

8. The parties shall make their best efforts to follow the specified order of presentation, however, they recognize that changes, particularly with respect to the order of witnesses to

be presented by deposition, may occur based on the circumstances. If counsel intends to change the order of witnesses, counsel shall notify the other side as soon as practicable.

9. Each party shall give the other party 24 hours' notice of when it expects to rest its case.

10. A party's designated deposition testimony and counter-designated testimony will be consolidated such that it is read or played back in page order, unless otherwise agreed, with time being charged appropriately to each party's respective designations and counter-designations. If a party has affirmatively designated testimony from a witness already designated by the other party, then each party shall read or play its own affirmative designations, along with the appropriate counter-designations and rebuttal designations, during its case-in-chief.

11. The party that seeks to play the deposition testimony will provide the opposing party with a copy of the actual video file to be played by 6:30 p.m. the night before its intended use in court. The video file must include all designated testimony, including counter-designations, in chronological order, regardless of which party designated the testimony.

### N.   CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the Final List of Exhibits:

    (a) is in existence;

    (b) is numbered; and

    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:　　　Approved as to form and substance:

*/s/ Al Deaver*　　　　　　　　　　　　　　*/s/ Kent Baldauf (with permission)*
Counsel for Plaintiff.　　　　　　　　　　Counsel for Defendant.

This Joint Pre-Trial Order is hereby approved this ___ day of December 2021.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I certify that on November 24, 2021, a true and correct copy of this document was served on all counsel of record using the Court's e-filing system.

*/s/ Al Deaver.*