IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NATIONAL OILWELL DHT, L.P.,<br><br>*Plaintiff*,<br>v.<br>AMEGA WEST SERVICES, LLC,<br><br>*Defendant*. | Civil Action No.  2:14-cv-1020<br><br><br>JURY |

**JOINT NOTICE OF ISSUES FOR FINAL PRETRIAL CONFERENCE**

In accordance with the Court's Order of January 31, 2021, the parties jointly file this Notice apprising the Court of evidentiary issues remaining to be resolved before trial.

On Wednesday, February 2, 2022, the Parties will file an Amended Joint Pretrial Order reflecting further refinements and agreements concerning the issues in this case.  As part of the Amended Pretrial Order, the Parties will file amended Exhibit C (Plaintiff's Exhibits), Exhibit D (Defendant's Exhibits), Exhibit E (Plaintiff's Deposition Designations), Exhibit G (Preliminary Jury Instructions), Exhibit I (Plaintiff's Verdict Form); and Exhibit J (Defendant's Verdict Form).


**I.      Pre-Admission of Plaintiff's Additional Trial Exhibits**

After the December 15, 2021, pretrial conference Plaintiff has added several exhibits. PTX-5 and PTX-6 were previously proposed as exhibits but were removed from consideration during the initial pre-trial conference.  Plaintiff now requests pre-admission of those exhibits.

The remaining added exhibits are either individual drawing (PTX-214) from a previously pre-admitted exhibit containing multiple drawings (PTX-9) or new drawings produced by Defendant after the initial pre-trial conference (PTX-211 through PTX-221).

| Exhibit No. | Description | Defendant's Objection |
|---|---|---|
| PTX-5 | 5" AmegaVIBE Vibration Tool, Build Manual, AMEGA_000193-202 | No Objection |
| PTX-6 | 6-1/2 AmegaVIBE Vibration Tool, Build Manual, AMEGA_0000215-232 | No Objection |
| PTX-211 | 4.75 Non Rotating Carbide, AWAV-475-015 REV B, 10/3/2014 | No objection |
| PTX-212 | 4.75 Non Rotating Carbide, AWAV-475-015-1 REV C, 10/3/2014 | No objection |
| PTX-213 | 4.75 Non Rotating Carbide, AWAV-475-015-1 REV D, 10/3/2014 | No objection |
| PTX-214 | 6.5 Non Rotating Carbide, AWAV-650-009-1 REV 2, 8/29/2016 | No objection |
| PTX-215 | 4 ¾ Peanut Stationary Valve, AWAV-475-012-2, REV 6, 1/9/2017 | No objection |
| PTX-216 | 4 ¾ Stationary Valve, AWAV-475-012-1, REV B, 9/1/2015 | No objection |
| PTX-217 | 4.75 Stationary Valve Housing, AWAV-475-011, REV D, 11/30/2016 | No objection |
| PTX-218 | 6.5 Rotating Valve with Face Bevel, AWAV-650-005, REV A, 10/7/2014 | No objection |
| PTX-219 | 6 ½ Stationary Valve, AWAV-650-003-1, REV C, 9/1/2015 | No objection |
| PTX-220 | 6 ½ Stationary Valve, AWAV-650-003-3, REV 6, 1/9/2017 | No objection |
| PTX-221 | 6.5 Stationary Valve Housing, AWAV-650-007, REV D, 12/1/2016 | No objection |

## II.     Pre-Admission of Defendant's Additional Trial Exhibit

Defendant has added one exhibit to its exhibit list, DTX0050, which was sent to Plaintiff in conjunction with the exhibits added to Plaintiff's list.  Defendant now requests pre-admission

of that exhibit, to which Plaintiff objects on grounds of hearsay, hearsay within hearsay, prejudicial, and as late produced.

| DTX0050 | No ruling | | | Valve Photograph dated June 28, 2017 |
| --- | --- | --- | --- | --- |

### III.    Direct Examination of Adverse Witnesses and Possible Need for Rules on Deposition Designations

#### A.    NOV's Position

Prior to filing of the Joint Pretrial Order on November 24, 2021, the parties had exchanged deposition designations, counter designations, and objections for several witnesses including, specifically, Defendant's technical expert, Dr. Smith.

After the parties filed the Joint pretrial Order, but before the initial pre-trial conference, the parties informed the Court that it would ***not*** be unnecessary for the Court to address the objections to the deposition designations because the parties had agreed that each of the witnesses for which deposition designations were provided would be made available at trial for either party to call during either parties' case in chief.  The parties memorialized this agreement in a filing titled A Joint Notice of Agreements On Pretrial Matters, filed with the Court as DN140, which states in Section IV that:

> "The parties have agreed that ***each of the 8 witnesses*** listed by the parties in the Joint Pretrial Order (DN132-1 & DN132-2) [which included Dr. Smith] ***will be available at trial for either party to call during either parties' case-in-chief***."

DN140 at 4 (emphasis added).

On January 18, 2022, Plaintiff asked Defendant's counsel to confirm that all of its witnesses would be available on Monday, Feb. 7, 2022, and Tuesday, Feb. 8, 2022, for Plaintiff to call adversely in its case-in-chief.

For the first time, and contrary to the Parties' prior agreement, on January 25, 2022, Defendant's counsel stated that Defendant would object to Plaintiff's calling Dr. Smith as an adverse witness in Plaintiff's case-in-chief.

In light of Defendant's change in position, the parties request the Court to address prior to trial Defendant's objection to calling Dr. Smith adversely during its case-in-chief.

In the event that the Court rules that Plaintiff cannot call Dr. Smith adversely in its case-in-chief, Plaintiff requests that the Court rule on Defendant's objections to the limited portion of Dr. Smith's deposition transcript that Plaintiff has recently designated for this circumstance.  A copy of the limited designated testimony (which is a subset of the testimony previously designated by Plaintiff) along with the Defendant's previously made objections to that testimony is attached as Exhibit A.

## B.      Amega's Position

Dr. Smith is Amega's expert witness on non-infringement and invalidity.  Since Amega will call Dr. Smith in its case to offer, *inter alia,* rebuttal testimony on infringement, he will be available for cross-examination by NOV at that time.  Amega submits that trial will proceed in a more orderly fashion if Dr. Smith is questioned by NOV during cross-examination following his direct examination rather than being called adverse in NOV's case and then again by Amega during Amega's case.  It is unclear what information NOV is seeking to elicit from Dr. Smith during its case, but certainly NOV's expert should not be permitted to go outside the scope of his infringement report to respond to Dr. Smith's testimony.  Amega is not opposed to NOV using Dr. Smith's deposition testimony and has provided counter-designations.

**IV.    Unresolved Discovery Issue Concerning Defendant's Production of Documents Concerning "specifications, schematics … or other documentation sufficient to show the operation of any aspects or elements of" the Valve Assembly of the AmegaVIBE tools.**

**A.    NOVs' Position**

Despite its obligation under P.R. 3-4(b) to produce documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P.R. 3-1(c) chart, Plaintiff has recently learned that Defendant has not produced documents in its possession that reflect the alignment of the flow openings in the rotating and stationary valve members within the accused tools, such as build manuals that show how the accused tools are assembled and (potentially) other documents reflecting the state of alignment of the components at issue.

Alignment of the valve flow openings was an aspect of the Accused Instrumentalities addressed in depth in Plaintiff's P.R.3-1(c) chart and one that was discussed and considered in some depth in the context of the Court's Memorandum and Order partially granting Plaintiff's motion for reconsideration (DN109), which drew a distinction between device designs having different orientations.

Plaintiff has proposed that this issue be addressed through a stipulation from the Defendants that:

> During operation of the accused tools having a stationary valve member with circular openings, all orientations of the valve have the largest opening in the stationary valve member at least partially aligned with one or more openings in the rotating member and it is never completely blocked.

To date, Amega has been unwilling to make a stipulation or to produce the requested documents.

The Parties continue to work in good faith to attempt to resolve this issue.   If the Parties cannot reach agreement on this issue before the Final Pretrial Conference, NOV will request guidance from the Court, including whether adverse inferences can be drawn from Amega's failure to timely produce documents about the structure and operation of the Accused Tools.

### B.        Amega's Position

There is no basis for NOV to raise a discovery dispute three days before trial.  If NOV had an issue with Amega's document production, this could have been raised years ago during discovery or, at a minimum, after the Court's Memorandum and Order on Reconsideration (DN109) issued on October 26, 2020.   Moreover, it is unclear what documents "Plaintiff has recently learned that Defendant has not produced" related to the valve alignments.  Despite the fact that discovery ended years ago without any issue being raised, Amega again conducted a search for documents that would provide the additional "alignment" information NOV seeks, and no such documents exist.  Amega cannot agree to the proposed stipulation as it is inaccurate and constitutes a disputed fact.

## V.        Amended Preliminary Jury Instructions (DN132-7)

As noted above the parties have filed Amended Joint Preliminary Jury Instructions. Plaintiff requests that the Court allow argument at the Final Pretrial Conference on the three (3) additions by NOV to the proposed Amended Joint Preliminary Jury Instructions.

Date: February 2, 2022                      Respectfully submitted,

*/s/ Al Deaver*                             */s/ Kent Baldauf (by permission)*
Robert J. McAughan, Jr.                     Kent E. Baldauf, Jr.
*Lead Attorney*                             Attorney ID No. 70793 (PA)
  State Bar No. 00786096                   Admitted in EDTX
  bmcaughan@md-iplaw.com                   kbaldaufjr@webblaw.com
  (713) 829-3851                           Bryan P. Clark
Albert B. Deaver, Jr.                       Attorney ID No. 205708 (PA)
  State Bar No. 05703800                   Admitted in EDTX
  adeaver@md-iplaw.com                     bclark@webblaw.com
  (281) 460-2315
McAUGHAN DEAVER PLLC                        The Webb Law Firm
550 Westcott St., Ste. 375                  420 Ft. Duquesne Blvd., Suite 1200
Houston, Texas 77007                        Pittsburgh, Pennsylvania 15222
                                            (412) 471-8815
                                            (412) 471-4094 (fax)

*Attorneys for plaintiff National Oilwell DHT,*   *Attorneys for Amega West Services, LLC*
*L.P.*


## CERTIFICATE OF SERVICE

    I certify that on February 2, 2022, a true and correct copy of this document was served on

all counsel of record using the Court's e-filing system.

                                                  */s/ Al Deaver*